**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ORION IP, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br>DAIMLERCHRYSLER CORPORATION,<br>and AMERICAN HONDA MOTOR CO.,<br><br>            Defendants. | Civil Action No. 2-04-CV-313-LED<br><br>JURY DEMANDED |

**ORION'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL
RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff, Orion IP, LLC ("Orion"), hereby responds to Defendants' Motion to Compel. For ease of reference, the Defendants will be referred to as the "Ford Defendants." As shown more fully below, the Ford Defendants' motion is simply without merit and should be denied in its entirety.

**I.   The Ford Defendants' Motion to Compel
      Responses to Interrogatories 2-4 Should be Denied**

Interrogatories 2-4 are directed at obtaining Orion's <u>contentions</u> regarding various systems that are <u>alleged</u> to be prior art to the patents-in-suit. The Ford Defendants' basic complaint with respect to Orion's responses to Interrogatories 2-4 is that, although Orion has undisputedly responded to these interrogatories, the Ford Defendants are unsatisfied with the level of detail in Orion's responses. The Ford Defendants' complaints are simply without merit.

Orion's answers to Interrogatories 2-4 are responsive and meet all of Orion's obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court. Orion's responses set forth Orion's contentions regarding the alleged prior art systems. Further, the Court should be

aware that Orion provided a virtually identical response to a similar interrogatory propounded by the Staples Defendants in the Staples case (Civil Action No. 2:04-CV-297 LED) about the Bell and Howell IDB 2000 which is the subject of Interrogatory Number 2 at issue in this motion. See Orion IP, LLC's First Supplemental Objections and Answers to Defendants' First Set of Interrogatories, Response to Interrogatory No. 6 (attached as Exhibit A). The Staples Defendants <u>never</u> raised an issue with regard to any alleged deficiency regarding Orion's answer to this contention interrogatory because Orion's answer to that interrogatory, like Orion's responses to Ford Defendant's interrogatories, are responsive and provide the requisite level of detail.

The Ford Defendants also assert that Orion has a duty in responding to these contention interrogatories to provide <u>the same level of detail</u> as did the Ford Defendants in preparing their Preliminary Invalidity Contentions under Patent Rule 3-3. Ford Defendants' Motion, p. 7. It is very telling that the Ford Defendants do not identify <u>any authority</u> for this proposition. While it is certainly true that the Patent Rules do not require a *patent owner* to set forth Preliminary <u>Invalidity</u> Contentions, Plaintiff does not dispute that the Ford Defendants are entitled to Orion's contentions with respect to Interrogatories 2-4. Orion's response provides those contentions. The Ford Defendants may not like them, but those are Orion's contentions.

Orion's responses set forth its contentions as to differences between the asserted claims and the various prior art systems. In footnote 3, the Ford Defendants apparently assert that Orion's responses somehow prevent the Ford Defendants from preparing and presenting their invalidity case – an issue where the <u>Ford Defendants</u> bear the burden of proof – by clear and convincing evidence. Such assertions are also without merit. To compare the facts in this case to those in Orion v. Staples, the Staples Defendants managed to put together extensive expert reports on the very systems that are the subject of the interrogatories at issue in this case. The

2

fact that the Staples Defendants can fully prepare their invalidity cases based on substantially identical answers to the same contention interrogatories makes it abundantly clear that the Ford Defendants' claim of prejudice is simply litigation-inspired argument.

Orion's answers identified specific limitations of the claimed inventions that Orion contends are not present in the subject system. Thus, the Ford Defendants' assertion that Orion's response does not "identify any individual claim elements that allegedly are absent from the prior art system" (Ford Defendants' Motion, p. 6) is <u>simply wrong</u>. For example, Orion's response to Interrogatory No. 2 expressly states that the identified system, the IDB 2000, does not include a <u>proposal</u>, a <u>proposal meeting the customers' requirements</u>, or <u>graphical information</u> corresponding to the one or more parts which meets the customers' requirements within the proposal, and the system does not generate a <u>proposal</u>, a <u>proposal meeting the customers' requirements</u>, or <u>graphical information within the generated proposal</u>. Orion further stated that the Bell and Howell IDB 2000 System does not invalidate the '342 Patent for at least the following reasons: The IDB 2000 System does not generate a <u>customized proposal</u>, including <u>product pictures</u>, <u>product environment pictures</u>, and <u>text segments</u> in response to user answers to questions.

**II.     The Ford Defendants' Motion to Compel Responses to
        <u>Interrogatories 9-10 Should be Denied</u>**

The Ford Defendants' motion to compel with respect to Orion's answers to Interrogatories 9-10 is likewise without merit. Both of these interrogatories go to the issue of damages. Again, the Ford Defendants' objection is founded on the level of detail provided in the response.

The Ford Defendants contend that Orion's response to Interrogatories 9-10 does not provide them with any information as to Orion's damages theory. Specifically, the motion states

3

the Ford Defendants "have no information about Orion's damages theories." Ford Defendants' Motion, p. 9. That is simply not true. Orion's response clearly indicates that Orion will be seeking <u>a reasonable royalty</u>, as provided for by 35 U.S.C. § 287, for the Ford Defendants' infringement of the patents-in-suit. Thus, the Ford Defendants know that Orion's damages theory is based upon a reasonable royalty, not some other theory, such as lost profits.

Second, the subject matter of Interrogatories 9-10 is obviously a subject of expert testimony. The exact royalty rate sought by Orion from the individual defendants in this case may vary due to various financial considerations. Determining the exact royalty rate and royalty base for each separate defendant will involve a detailed analysis of information – documents and depositions – obtained from each Defendant during discovery. This process will involve detailed analysis by Orion's damages expert. The results of this analysis will be reflected in the report of Orion's damages expert which will be served on the Ford Defendants in accordance with the schedule established by the Court. Once Orion's expert provides a detailed damages report, Orion can supplement its responses in accordance with the Federal Rules of Civil Procedures.

Courts have considerable judicial discretion in deciding when, if ever, a contention interrogatory should be answered. *Nestle Foods Corp. v. Aetna Cas. & Suv. Co.,* 135 F.R.D. 101, 110 (D.N.J.1990). In fact, there is considerable support for deferring contention interrogatories until the end of the discovery period. *Internetad Sys., LLC v. ESPN, Inc.,* 2004 U.S. Dist. LEXIS 20393 (N.D. Tex. 2004) (affirming magistrate's denial of motion to compel responses to contention interrogatories) (a copy of this case is attached hereto as Exhibit B for the Court's convenience). The Ford Defendants' interrogatories seek to improperly compel Orion's expert to prematurely respond to Interrogatories 9-10. The exact details of Orion's damages case will be fully set forth in Orion's damages expert report. Presently, the Ford

Defendants have been clearly advised that Orion will be seeking a reasonable royalty. That is all of the information that Orion can provide at this time as analysis of discovery information obtained from the Ford Defendants is continuing.

The Ford Defendants' motion to compel further responses to Interrogatories 9 and 10 should be denied.

**III.** **Conclusion**

For the reasons stated above, the Ford Defendants' motion to compel is without merit and should be denied.

Dated: December 27, 2005

Respectfully submitted,

ORION IP, LLC

By: /s/ Keith A. Rutherford
    Danny L. Williams
    State Bar No. 21518050
    J. Mike Amerson
    State Bar No. 01150025
    Williams, Morgan & Amerson, P.C.
    10333 Richmond, Suite 1100
    Houston, Texas 77042
    Telephone: (713)934-4060
    Facsimile: (713) 934-7011
    E-mail: danny@wma.law.com
    E-mail: mike@wma.law.com

    Keith A. Rutherford
    TX State Bar No. 17452000
    Russell T. Wong
    TX State Bar No. 21884235
    Wong, Cabello, Lutsch, Rutherford &
      Brucculeri, LLP
    20333 SH 249, Ste. 600
    Houston, TX 77070
    Telephone: (832) 446-2400
    Facsimile : (832) 446-2424
    E-mail: krutherford@counselip.com

Email: rwong@counselip.com

Otis W. Carroll
State Bar No. 03895700
Ireland Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
E-mail: fedserv@icklaw.com

Franklin Jones Jr.
State Bar No. 00000055
Jones and Jones, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, TX 65671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
E-mail: maizieh@millerfirm.com

Robert Christopher Bunt
State Bar No. 00787165
Parker & Bunt
100 East Ferguson, Suite 1114
Tyler, TX 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: cbunt@cox-internet.com

David Pridham
R.I. State Bar No. 6625
The Gardens on El Paseo
73-545 El Paseo Blvd., Suit 2204
Palm Desert, California
Telephone: (760) 674-1066
Facsimile (760) 674-9797
E-mail: david@ipnav.com

**ATTORNEYS FOR PLAINTIFF ORION IP, LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested on December 27, 2005.

| **Counsel for Ford Motor Company:** | **Counsel for DaimlerChrysler Corp.:** |
|---|---|
| Jesse J. Jenner<br>Eric R. Hubbard<br>Gene W. Lee<br>Ropes & Gray<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Facsimile: (212) 596-9090<br><br>John Pickett<br>Damon Michael Young<br>Young Pickett & Lee<br>4122 Texas Boulevard<br>Texarkana, TX 75504-1897<br>Facsimile: (903) 792-5098 | Mitchell G. Stockwell<br>William H. Boice<br>Kilpatrick Stockton, LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4530<br>Facsimile: (404) 815-6555<br><br>D. Donald Reneker<br>Craddock Reneker & Davis<br>3100 Monticello Avenue, Suite 550<br>Dallas, TX 75205-3442<br>Facsimile: (214) 750-3551 |
| **Counsel for American Honda Motor Co., Inc.:**<br><br>Kenneth R. Adamo<br>Jones Day<br>2727 North Harwood Street<br>Dallas, TX 75201-1515<br>Facsimile: (214) 969-5100<br><br>Kevin G. McBride<br>Maria K. Nelson<br>Jones Day<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA 90071<br>Facsimile: (213) 243-2539 | |

/s/ Keana T. Taylor