IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **ORION IP, LLC** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | CASE NO. 2:04-CV-313 |
| **FORD MOTOR COMPANY;** | § | |
| **DAIMLERCHRYSLER CORPORATION;** | § | |
| **AMERICAN HONDA MOTOR CO., INC.** | § | |
| | § | |
| Defendants | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Compel Response to Defendants' First Set of Interrogatories (Docket No. 122). Having considered the parties' written submissions, the Court **GRANTS** the motion.

Ford Motor company, DaimlerChrysler Corporation, and American Honda Motor Co., Inc. ("Defendants") move the Court to compel Orion to more specifically answer five of their interrogatories. Three interrogatories address prior art, and the remaining two address damages.

In interrogatories 2, 3, and 4, Defendants asked Orion, "Explain in detail why the [system] does not anticipate or render obvious the Asserted Claims of the Patents-in-Suit." Interrogatories 2, 3, and 4 each named a specific system Defendants contend is prior art. After giving boilerplate objections to the interrogatories, Orion gave virtually the same response to all three interrogatories:

> Based on Defendants' Invalidity Contentions, the [system] does not invalidate the '627 patent for at least the following reasons. Defendants have not identified specifically which versions or documents constitute the charted systems. The [system] does not include a proposal, a proposal meeting the customers' requirements, or graphical information corresponding to the one or more parts which meets the customers' requirements within the proposal. The system does not generate a proposal, a proposal meeting the customers' requirements, or graphical

> information within the generated proposal. [System] does not disclose all elements of the inventions arranged as in the claims of the '627 and '342 patent. The [system] does not invalidate the '342 patent for at least the following reasons: The [system] does not generate a customized proposal, including product pictures, product environment pictures, and text segments in response to user answers to questions.

These answers are inadequate. Orion was asked about three specific systems in three separate interrogatories. That Orion was giving nearly verbatim answers to all three interrogatories should have put Orion on notice that its answers were insufficient. Orion's answers only communicate that Orion does not believe the systems contain all the elements of the relevant claims, which is the predicate for Orion's belief that the systems do not invalidate the claims at issue. Orion's answers fail to "*explain in detail why*" the named systems lack the claimed elements. Orion argues that it gave the Staples defendants substantially identical answers to the same interrogatories. But just because the Staples defendants did not challenge the answers does not mean the answers were sufficient. Accordingly, the Court orders Orion to answer the three interrogatories in greater detail.

In interrogatory 9, Defendants asked, "With respect to each of the Patents-in-Suit, describe how Orion has been damaged by each Defendants' alleged infringement, including in your description a statement as to whether Orion seeks a reasonable royalty." After stating its objections, Orion answered:

> Subject to the foregoing objections, Orion states that Defendants have, without permission or authority, wrongfully infringed Orion's valuable intellectual property as reflected in the Patents-in-Suit. As a result, Orion will be seeking damages amounting to at least a reasonable royalty for Defendants' infringing activities, as provided by Title 35 of United States Code, as well as such further relief as Orion may be entitled to upon proof at trial.

In interrogatory 10, Defendants asked, "To the extent that Orion seeks a reasonable royalty, identify the royalty base to which you believe any reasonable royalty should be applied with respect

to each of the Patents-in-Suit, including the identity of the base product, use or apparatus related to the accused systems upon which Orion seeks a royalty." After stating its objections, Orion answered:

> As discovery is ongoing, the exact royalty base for each defendant has yet to be determined. At a minimum, Orion believes that the royalty base will include, at least, all direct and indirect benefits (monetary or otherwise) that each defendant derives from operation and use of the systems identified in Orion's preliminary infringement contentions served in this case, as well as any other non-public systems operated or used by the Defendants that infringe the asserted claims of the Patents-in-Suit.

Defendants complain of these answers in light of Orion's 3(c) damages disclosure, in which Orion stated its investigation of damages was still ongoing and it would provide a detailed computation of damages after damages-related discovery was made available to Orion and after an expert has evaluated the information. Orion made its 3(c) disclosure on September 1, 2005. It is now nearly five months later, and Defendants complain they still have no information about Orion's damages theories. Orion takes the position that it cannot provide more specific information because its analysis of discovery information is still continuing and Orion is not required to provide any detailed information until its expert reports are due.

      Defendants have submitted interrogatories to Orion about Orion's damages theories. Orion has a duty to answer as to the full extent that it can at this time. When faced with an interrogatory, a party may not put off its substantive response until its expert report on the topic is due. At the same time, since the party's expert has not likely completed his analysis, the party may answer the interrogatory without prejudice to amending its answer by its forthcoming expert report. Accordingly, the Court orders Orion to respond to the interrogatories to the extent it can based on its current knowledge.

For the reasons given, the Court **GRANTS** Defendants' motion to compel and **ORDERS** Orion to supplement its answers to Defendants' interrogatories 2, 3, 4, 9 and 10.

**So ORDERED and SIGNED this 31st day of January, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**